UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS OJEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 CV 7309 |
| | ) | Hon. Marvin E. Aspen |
| KATHLEEN SANCHEZ, *Medical Administrator of Kane County Jail*; DONALD KRAMER, *Sheriff of Kane County*; JAMES LEWIS, *Director of Kane County Jail*; THE KANE COUNTY SHERIFF'S OFFICE; WEXFORD HEALTH SOURCES INCORPORATED; and PATRICIA LOPARCO, *Nurse*, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Luis Ojeda filed this action pursuant to 42 U.S.C. § 1983, alleging he received inadequate medical treatment for leukemia while he was a pretrial detainee at Kane County Jail. Presently before us is a motion to dismiss Defendant Kathleen Sanchez, Medical Administrator of Kane County Jail, in her official capacity from Count V of Plaintiff's third amended complaint. (Mot. to Dismiss (Dkt. No. 61).) For the reasons stated below, we grant Sanchez's motion.

**BACKGROUND**

We assume familiarity with the facts as stated in our April 5, 2017 Opinion. *See Ojeda v. Kramer*, No. 15 C 7309, 2017 WL 1250834 (N.D. Ill. Apr. 5, 2017). For the purposes of a motion to dismiss, we accept all well-pleaded factual allegations as true and draw all inferences in the plaintiff's favor. *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016).

Plaintiff's allegations arise from his time as a pretrial detainee at Kane County Jail from April 8, 2015 until August 28, 2015. (3d Am. Compl. (Dkt. No. 59) ¶ 12.) Plaintiff alleges he suffered from leukemia and despite his complaints to jail personnel, he received incorrect dosages of medication while in custody. (*Id.* ¶ 15.)

As relevant here, the third amended complaint alleges that Sanchez and her employer, Wexford Health Sources, Inc. ("Wexford") are liable under 42 U.S.C. § 1983 for violating Plaintiff's constitutional rights as a result of their deliberate indifference to Plaintiff's serious medical needs. (*Id.* ¶¶ 72–74.) Sanchez was the medical director at the Kane County Jail and the highest ranking medical professional who was assigned to provide medical services to inmates and to implement the policies and procedures governing the medical care of inmates by the medical and correctional staff at the jail. (*Id.* ¶¶ 6, 73.) The jail contracted with Wexford to "procure, plan, organize, implement, oversee, and directly provide medical staffing and services" for the benefit of the inmates in the jail's custody. (*Id.* ¶ 72.)

Plaintiff specifically contends Sanchez and Wexford failed to provide sufficient medical staffing and failed to adequately train the medical and correctional staff to "recognize and respond to the emergency of worsening medical symptoms in inmates with cancer or other serious illnesses" and to "be attentive to the complaints of inmates about their own medical conditions." (*Id.* ¶ 74.) Plaintiff also alleges Sanchez and Wexford failed to maintain and implement adequate official policies and procedures authorizing and directing the medical and correctional staff to arrange for emergency medical treatment for inmates, to document the complaints of inmates about their own medical conditions, to facilitate coordination of medical care to inmates, and to facilitate regular communication among the medical and correctional staff about the medical status of inmates with cancer or other serious illnesses. (*Id.*) Plaintiff further

alleges Sanchez and Wexford used "explicit and implicit means" to encourage the medical and correctional staff to ignore and disregard complaints from inmates about their medical conditions. (*Id.*) Plaintiff asserts the defendants maintained a pattern and practice of systematically withholding information from jail administrators about the individualized medical needs and services provided to inmates with critical medical conditions, "such that frontline correctional and medical staff were aware that they could engage in a pattern and practice of neglecting the medical needs of inmates with cancer or other serious illnesses without fear of intervention or punishment from their superiors and supervisors." (*Id.*)

After Plaintiff filed his third amended complaint, Sanchez filed an answer and affirmative defenses to the claim against her in her individual capacity (Count III) and moved to dismiss claim against her in her official capacity (Count V) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. Nos. 60–61.)

## ANALYSIS

Count V of the complaint alleges § 1983 liability pursuant to *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 690, 98 S. Ct. 2035 (1978) against Wexford, as well as against Sanchez in her official capacity. (Third Am. Compl. ¶¶ 72–74.) Plaintiff alleges Wexford implemented a pattern and practice of deliberate indifference to the medical needs of the inmates at Kane County Jail, and in her position as medical director, Sanchez was responsible for implementing Wexford's policies and procedures governing the medical care of the inmates. (Compl. ¶ 74.) Sanchez argues that Count V is a claim against Wexford, a "municipal entity" for § 1983 purposes, and therefore, naming her in her official capacity is duplicative and redundant. (Mot. to Dismiss ¶¶ 7–10.)

Local government entities may be sued directly under § 1983 for monetary, declaratory, or injunctive relief for actions the entity's officers take in furtherance of the entity's official policy, custom, or widespread practice. *Monell*, 436 U.S. at 690, 98 S. Ct. at 2035. The "official policy or practice" requirement serves to "distinguish acts of the municipality from acts of [its] employees . . . and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (internal quotations and citations omitted). Thus, a claim against a state or municipal official in his or her official capacity is treated as claim against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985) (explaining "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," and "[i]t is *not* a suit against the official personally, for the real party in interest is the entity"). "Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)); *see also Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 378–79 (7th Cir. 2017) (finding a private company that has "contracted to provide essential government services is subject to at least the same rules [under *Monell*] that apply to public entities"); *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014) (concluding that plaintiff alleging prison doctors were deliberately indifferent to his medical needs may recover if he offers "evidence that his injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy").

Plaintiff has alleged Wexford acted under color of state law and implemented a pattern and practice of deliberate indifference to the medical needs of inmates through its policies.

(3d Am. Compl. ¶¶ 72–74.) As such, Wexford may be subject to liability under *Monell*. *See Glisson*, 849 F.3d at 378–79; *Shields*, 746 F.3d at 796; *Hahn*, 762 F.3d at 640. The same claim brought against Sanchez in her official capacity as an employee of Wexford is therefore redundant. *Graham*, 473 U.S. at 165, 105 S. Ct. at 3105; *see also Levin v. Madigan*, 697 F. Supp. 2d 958, 973 (N.D. Ill. 2010) ("[W]here the plaintiff names the government entity as a defendant in the suit, the claim against the individual in her official capacity is redundant.").

Plaintiff nevertheless argues that pleading a *Monell* claim against Sanchez in her official capacity is not improper or objectionable. (Pl.'s Resp. (Dkt. No. 66) ¶ 6.) While it is not improper, it is unnecessary here as the "suit against an official in her official capacity is actually a suit against the government entity." *Levin*, 697 F. Supp. 2d at 973 (collecting cases dismissing duplicative official capacity claims against government agents where the government entity itself was also sued). Plaintiff also argues that it is essential to name Sanchez in her official capacity in order to "avert any potential uncertainties, eventualities, or hazards of litigation," because she already submitted herself to the court's jurisdiction. (Pl.'s Resp. ¶ 8.) However, Plaintiff's argument is now moot as Wexford has since filed an answer and entered its appearance. (*See* Dkt. Nos. 68–69.) Accordingly, the *Monell* claim against Sanchez in her official capacity is superfluous and the motion to dismiss Sanchez from Count V is granted.

## CONCLUSION

For the above reasons, we grant the motion to dismiss Sanchez in her official capacity from Count V. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: October 23, 2017
       Chicago, Illinois

5